## The People ex. rel. Oakley, vs. Acker, Sheriff of the City and County of New-York.

An order to prosecute a sheriff's bond, given by him to be released from arrrest on attachment, will not be granted until after a default upon a second call of the sheriff at a general term.

The sheriff may be called on the two non-enumerated days next succeeding or in-cluding the return day. If the attachment be returnable after the non-enumerated days have passed, he may be called on the day of the return of the process, and a second time on the first non-enumerated day in the next term; but it is irregular after a call of a sheriff in one term, to permit a term to intervene before making a second call without *previous notice* to the sheriff.

The defendant was attached for not putting in special bail in replevin, for one Hopkins at the suit of the relator. The attachment was returnable on the first Monday of January last, but was not served in its life. After it expired, the coroner who held it sent it to the sheriff (the defendant) who admitted the service, and caused the writ to be filed, with a return endorsed, on the 28th of January, *nunc pro tunc*. Before this, however, to wit, on the 18th of January, the *second Friday of the January term*, the relator's attorney caused the sheriff to be called, and his default for not appearing to be entered. He afterwards pro-ceeded against the coroner for not returning the attachment against the sheriff in season, and the coroner was ordered to pay the costs of the proceeding, and that the attachment against him should be thereupon discharged. The court intimated in their opinion, that the sheriff was still liable to be proceeded against, on the attachment against him ; and assigned that as one reason, why they did not impose a heavier penalty on the coroner. On the 12th of July, *the second Friday of the July term*, the rela-

tor's attorney, without any previous notice to the sheriff, caused him to be called again, and had his default for not appearing entered ; and moved and took a rule to prosecute the bond which he had executed to the coroner for his appearance on the original attachment.   Of this proceeding, he afterwards gave notice to the sheriff.   A motion is now made to set aside the last rule for irregularity.

*N. B. Blunt & M. T. Reynolds*, for the motion.

*J. H. Stuart*, contra.

*By the Court*, COWEN J.   I am inclined to think that the call of the sheriff on the 18th of January might have been considered regular, had the relator so chosen to regard it, after he found that the sheriff had himself consented to the return and filing of the attachment as of a previous day.   The relator did not, however, treat the return as regularly made at the day ; but disaffirmed it, and proceeded against the coroner for not making it in season.   It is not necessary to deny that, after the latter proceeding had been disposed of, he might still have recurred to the original call, and made it the foundation of that in July term, had he given *previous notice* of such intention to the sheriff. But, as the matter stood, the whole was a complete surprise on the sheriff, to say the least.   It was out of the ordinary course of practice, which is to call the sheriff twice in full term on the two non-enumerated days next succeeding, or including the return day.   Where the attachment is returnable after all the non-enumerated days are past, the first call may be made on the return day.   So much the sheriff must hold himself ready to meet, and, if in default on the second call, his bond may be prosecuted on the usual order for that purpose, or a further attachment may issue, or both may follow, according to circumstances.   If the relator will go on without giving any notice beside that derivable from the attachment, he must strictly follow up his days in the order mentioned.   If he omit to do so, the utmost we can allow is, that he shall not lose his suit, but may still go on with

his calls upon due notice for such time as he would be bound to give of any other motion. That enables the sheriff to appear and answer interrogatories, or submit to terms. Such is the course which should have been pursued in this instance.

The proceedings of the relator are, therefore, irregular, and must be set aside with costs.